UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. MJ21-275 SKV |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER DENYING REQUEST TO |
| JOSE MARQUEZ-GUADALUPE, ) | REOPEN DETENTION ORDER |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on Defendant's motion to reopen his detention hearing and issue an order releasing him on pre-trial supervision. Dkt. 16 at 1. Defendant waived a detention hearing at the time of his arrest and has been detained pending trial. Dkt. 8. He now seeks to reopen the detention order, asking the Court to consider new facts relating to ties to the community, including his residence and employment. Dkt. 16. The government opposes the motion. Dkt. 18.

The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby DENIES the motion for the reasons stated herein.

ORDER DENYING REQUEST TO REOPEN DETENTION
ORDER
PAGE -1

## PROCEDURAL AND FACTUAL BACKGROUND

On May 11, 2021, the Defendant had an initial appearance on a complaint charging him with Illegal Reentry in violation of 8 U.S.C. 1326(a). The Defendant stipulated to detention. The Honorable Mary Alice Theiler ordered the Defendant detained pending trial and issued a detention order, stating:

> Defendant is a native and citizen of Mexico. He was not interviewed by Pretrial services, so much of his background information is unknown or unverified. Defendant's criminal record includes firearms offenses and a prior Illegal Reentry charge, and at least two executed warrants of removal or deportation. An immigration detainer has been filed. A possible active warrant from California has been identified. Defendant does not contest detention.
>
> Defendant poses a risk of flight based upon foreign citizenship, an immigration detainer, unknown background information, and alias identifiers. Defendant poses a risk danger based upon possible gang association, criminal history, a history of firearm possession, and unknown background information.

Dkt. 8 at 2.

The Court noted that the Defendant was not contesting detention, and concluded that under 18 U.S.C. § 3142(f), "no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community." *Id.*

## DISCUSSION

The Court may reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably

assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).   The statute therefore requires that the movant show two things: (1) that he has new information, previously not known to him, and (2) that the new information is material to the detention issue.   Courts interpret the reopening provision "strictly".   *United States v. Ward*, 63 F. Supp. 2d 1203, 1206 (C.D. Call 1999).   "New and materials information [under 3142(f)] consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event."   *United States v. Macpherson*, CR19-5213 BHS, 2020 WL 18122239 at *2 (W.D. Wash. Apr. 9, 2020).

      Defendant's motion cites as the bases for reopening detention documentation obtained demonstrating a stable release address, numerous family and community members vouching for his character, and verification of work and family responsibilities that establish strong ties to the community.   Dkt. 16 at 2.   Although this information would have been known to Defendant at the time of the initial hearing, defense counsel did not present argument, noting that more time would be needed to prepare a release plan.   Dkt. 8, 16.   Because the "history and characteristics" of the defendant, including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties" are to be considered in determining detention or release pending trial, the Court considers the information presented in Defendant's motion to be material to the determination of risk of flight and danger to the community, and will proceed with the analysis required under 18 U.S.C. § 3142(g).

ORDER DENYING REQUEST TO REOPEN DETENTION
ORDER
PAGE -3

A Court deciding a detention issue is to consider the following factors: (1) the "nature and circumstances of the offense charged," (2) the "weight of the evidence against" the defendant, (3) the "history and characteristics" of the defendant, including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

The United States typically bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991).

The government does not contend, nor does the Court find, that Defendant poses a current danger to any other person or the community pending trial. The Court also notes that materials offered in support of his motion indicate that Defendant has significant ties to the community. Dkt. 16 at Ex. A. However, the Court does find that the government has demonstrated by a preponderance of the evidence that Defendant poses a risk of non-appearance.

Defendant was convicted in 1999 of Participation in a Criminal Street Gang and sentenced to 12 days of custody. On August 14, 2012, Defendant was stopped for speeding in Oregon. *United States v. Marquez*, Case no. MJ12-00127 TC, D. Oregon, Dkt. 1.

Defendant admitted to the officer that he had over $20,000 in US currency in the vehicle, and the officer found large amounts of US currency and a digital scale with some form of residue after a K9 alerted to the presence of controlled substances.  The officer found a second backpack in the rear seat that contained three handguns, one of which had been reported stolen.  Defendant reported that he had bought two of the handguns on "the street" in Seattle from known gang members.  Defendant was convicted of Possession of a Stolen Firearm and sentenced to nine months imprisonment.  Dkt. 1.  He was removed from the United States on May 27, 2013, at San Ysidro, California, but returned to the United States only one week later, on June 4, 2013, in Laredo, Texas.  *United States v. Jose Marquez Guadalupe*, Case No. MJ13-889, SD Tex., Dkt. 1.  Defendant's reentry was a violation of his terms of supervised release imposed under his Oregon conviction.  Defendant was convicted of Re-entry of a Deported Alien on December 9, 2013, and sentenced to a term of imprisonment of 20 months and two years of supervision, to be served consecutively to a four month term of imprisonment for the Oregon supervised release violation.  A special condition of supervision in the 2013 conviction stated:

> If deported, the defendant is not to reenter the United States illegally.  If the defendant is deported during the … the supervised release term, supervision by the probation office becomes inactive.  If the defendant returns, the defendant shall report to the nearest U.S. Probation Office immediately.  Supervision by the probation officer reactivates automatically upon defendant's reporting.
>
> *Id.*

The judgment also noted a list of aliases used by Defendant, as does the pre-trial services report prepared in this matter on May 11, 2021.  Defendant was deported on March

ORDER DENYING REQUEST TO REOPEN DETENTION ORDER
PAGE -5

5, 2015, at El Paso, Texas. It is unknown when the Defendant returned to the United States.

Defendant's criminal history and history of violating court orders including the terms of his supervised release and his prior unlawful entries to the United States, as well as his use of aliases, demonstrate that no condition or combination of conditions will reasonably assure that Defendant will voluntarily appear.

The Motion to Re-open the Order for Detention is DENIED.

DATED this 21st day of July, 2021.

*S. Kate Vaughan* (signature)

S. KATE VAUGHAN
United States Magistrate Judge